```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**BRANCH BANK AND TRUST,**
**AS ADMINISTRATOR OF THE ESTATES**
**OF GEORGE LACY COYLE, JR. AND**
**JULIA HOLT COYLE; CLAIBORNE HOLT**
**COYLE; LUCY HOLDEN COYLE; ISABEL**
**COYLE GILKESON; THOMAS CLAIBORNE**
**COYLE; JAMES TEMPLE COYLE; and**
**ISABEL HOLT DANNENBERG,**

    **Plaintiffs,**

**v.**                                                    **CIVIL ACTION NO. 2:04-0981**

**ENGINE COMPONENTS, INC,** *et al.***,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before this court is third-party defendant Paul Fournet Air Service, Inc.'s ("Paul Fournet") motion to dismiss (Doc. No. 63). Paul Fournet avers that Engine Components, Inc., cannot establish sufficient contacts between Paul Fournet and West Virginia to create personal jurisdiction. For the reasons outlined below, this court grants Paul Fournet's motion.

### I.  Legal Framework - Personal Jurisdiction

When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question is one for the judge, with the burden on the plaintiff to prove grounds for jurisdiction by a preponderance of the evidence. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Mylan Laboratories, Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). However, when, as is the case here, the district court addresses such a motion without an evidentiary hearing, and reviews the question solely on the basis of the motion, the memoranda of law, and the

complaint, the plaintiff need only prove a prima facie case of personal jurisdiction.  See Combs, 886 F.2d at 676; Mylan, 2 F.3d at 60.  In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the evidence and resolve all factual disputes in the plaintiff's favor.  See Mylan, 2 F.3d at 60.  See also Combs, 886 F.2d at 676 (court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction."); Felicia, Ltd. v. Gulf American Barge, Ltd., 555 F. Supp. 801 (D.C. Ill. 1983) ("On motion to dismiss for lack of personal jurisdiction, discrepancies in the versions of the events presented in the affidavits tendered by both sides would be resolved in plaintiff's favor.").

  Traditionally, the resolution of the question of jurisdiction over a non-resident defendant has been described as a two-step process.  The court must first determine whether the state long-arm statute confers jurisdiction; if the statute does confer jurisdiction, the court then determines whether the exercise of that jurisdiction comports with the constitutional mandates of due process.  See Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993); English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990); Bashaw v. Belz Hotel Management Co., Inc., 872 F. Supp. 323, 325 (S.D. W. Va. 1995) (Haden, C.J.); Faulkner v. Carowinds Amusement Park, 867 F. Supp. 419, 423 (S.D.

W. Va. 1994) (Faber, J.).  However, in cases where the state's long-arm statute extends to the limits of due process, the analysis collapses to the second step only, and the court need only determine whether the exercise of jurisdiction comports with due process.  See Bashaw, 872 F. Supp. at 325; Faulkner, 897 F. Supp. at 423.  West Virginia's long-arm statute has been held to extend to the limits of due process.  See Harman v. Pauley, 522 F. Supp. 1130, 1135 (S.D. W. Va. 1981).  Thus the court may begin with the due process question.

The test to be applied when determining whether the exercise of personal jurisdiction comports with due process requires the court to determine whether

> (1) the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state; and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice, taking into account such factors as (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolutions of controversies as between states, and (e) the shared interest of the several states in furthering fundamental substantive social policies.

Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 945-46 (4th Cir. 1994).  In analyzing this case and dealing with questions of disputed fact, the court has adopted the plaintiffs' statement of the facts unless otherwise noted.

## II.  Factual Allegations

Engine Components alleges in its complaint that Paul Fournet was negligent in its maintenance of an aircraft and in its advice

3

to the pilot of that aircraft, contributing to the eventual crash of that aircraft.  See Third Party Complaint, at 3.  Engine Components seeks contribution and indemnification from Paul Fournet.  Id.

It is undisputed that Paul Fournet is a Louisiana Corporation with its principal place of business in Louisiana.  See Doc. No. 64, Ex. A (Affidavit of Richard P. Fournet) at 2.  Further, Engine Components does not challenge Paul Fournet's assertions that it has never transacted any business in West Virginia, is not licensed in West Virginia, has never sold any products in West Virginia, or that it does not have any agents, servants, or employees in West Virginia.  Id.  Therefore, the only facts to support a finding of contacts sufficient to establish personal jurisdiction are that (1) a phone call took place between the pilot of the aircraft and the defendant while the plane was in flight between West Virginia and New Hampshire and (2) that the aircraft landed in West Virginia after it had been serviced by the defendant and a few days before it crashed on its flight back to West Virginia.  See Doc. No. 71, at 2, 6.  These facts are not sufficient to establish minimum contacts that would justify the maintenance of an action without offending traditional notions of fair play and substantial justice.

The first alleged contact, the in-flight phone conversation, fails to establish any connection to West Virginia.  Engine Components asserts that a representative of Paul Fournet spoke to

4

the pilot of the aircraft while it was en route from West Virginia to New Hampshire.  Id. at 2.  Engine Components would imply that this phone conversation occurred while the plane was still within West Virginia airspace.  Typically, all factual allegations of the plaintiff and any logical implications of those facts in the complaint and supporting memorandum are presumed true in determining a motion to dismiss for want of personal jurisdiction.  See Mylan, 2 F.3d at 60.  However, this presumption evaporates when the defendant controverts the allegations with an affidavit.  See Wolf v. Richmond County Hosp. Authority, 745 F.2d 904, 908 (4th Cir. 1984).  Here, Paul Fournet submitted an affidavit that specifically stated that it did not speak to the pilot of the aircraft while it was in West Virginia.  See Doc. No. 64, Ex. A at 2.  Engine Components failed to counter this affidavit with one of its own or with other proper evidence.  Therefore, this court considers as true Paul Fournet's statement that the phone conversation did not occur at a time in which the aircraft was in West Virginia.  Wolf, 745 F.2d at 908.  Without evidence that the phone conversation occurred in West Virginia, the mere fact that a phone call took place in transit from West Virginia to New Hampshire does not establish any contact with West Virginia on the part of Paul Fournet, much less the minimum contacts required by due process.

5

Even assuming, in spite of Paul Fournet's affidavit, that the phone conversation occurred in West Virginia, this does not establish the minimum contacts needed.  In an unpublished decision, the United States Court of Appeals for the Fourth Circuit has stated that phone calls between a customer and an out-of-state technician do not establish minimum contacts for due process purposes.  See Autoscribe Corp. v. Goldman & Steinberg, 47 F.3d 1164, 1995 WL 56662, *5-6 (4th Cir. 1995) (citing the Fifth and Seventh Circuits for the same proposition).  In Autoscribe, Goldman & Steinberg had contacted Autoscribe at its company location in Maryland to get technical advice on a software problem.  Id.  The Fourth Circuit noted that the defendant only made these calls to Maryland because Autoscribe was located there; thus, the calls were not "purposely directed" toward Maryland.  Id.  The reasoning of that case applies with more force in this situation because, even if the pilot and the aircraft were located in West Virginia at the time of the phone conversation, the presence in West Virginia was merely fortuitous as the plane was en route to New Hampshire.  There is no evidence that the Paul Fournet derived such benefits from the state of West Virginia during this phone call as to warrant its being subject to suit in West Virginia.  See International Shoe Co. v. State of Wash., Office of Unemployment, 326 U.S. 310, 319 (1945) ("[T]o the extent that a corporation exercises the privilege of

6

conducting activities within a state, it enjoys the benefits and protection of the laws of that state.  The exercise of that privilege may give rise to obligations [including responding to a suit].").

Engine Components' other asserted contact, the plane flying into and out of West Virginia after servicing, does not add a contact sufficient to establish personal jurisdiction over Paul Fournet.  Engine Components avers that because Paul Fournet services aircraft, including the one at issue in this suit, which travel throughout the United States and to West Virginia, it is subject to personal jurisdiction in West Virginia.  See Third Party Complaint at 1-2 and Doc. No. 71, at 2.  The Supreme Court held in World Wide Volkswagen v. Woodson, 444 U.S. 286 (1980), that the mere mobility of an object, and knowledge of that mobility, does not establish minimum contacts.  See World Wide Volkswagen, 444 U.S. at 295-96.  In that case, the plaintiff sought to bring suit in Oklahoma against a car dealer located in New York.  The asserted contact with Oklahoma was that the car was purchased from the dealer in New York and driven to Oklahoma, where it was involved in an accident.  Id. at 288-90.  The Supreme Court rejected the argument that because it was forseeable that the car would travel to Oklahoma, the defendant could expect to be brought there to defend a suit.  Id. at 295.  As the Supreme Court declined to appoint a car as an agent for

service of process for a dealership, this court refuses to appoint a plane as an agent for service of process for a repair company.  Id. at 296.

This case is very similar to Charlie Fowler Evangelistic Assoc., Inc. v. Cessna Aircraft Compnay, et al., 911 F.2d 1564 (11th Cir. 1990) out of the United States Court of Appeals for the Eleventh Circuit.  In Charlie Fowler, a plane crashed in Florida after having been repaired in Mississippi.  Id. at 1565. The repair company, a Mississippi corporation with its principal place of business in Mississippi, was sued in the Northern District of Florida.  Id.  The only alleged contacts were that the repair company knew the plane was headed to Florida and that it was listed in a regional phone book that was distributed in Florida as a service company.  Id. at 1565-66.  The Court of Appeals upheld the District Court's dismissal for want of personal jurisdiction stating that it was merely fortuitous that the plane was in Florida as opposed to some other location.  Id. at 1566.  The Eleventh Circuit stated that knowledge that a plane will fly into another state does not create the minimum contacts necessary to assert personal jurisdiction.  Id.

There are even fewer contacts in this case because there is no evidence that Paul Fournet has ever advertised in this state or been listed in a phone book distributed in this state.  None of the contacts asserted by Engine Components demonstrate that

8

Paul Fournet purposefully directed actions towards West Virginia. Therefore, Engine Components has failed to establish evidence of contacts sufficient to create personal jurisdiction over Paul Fournet.

### III. Conclusion

Third-Party plaintiff Engine Components has failed to establish that third-party defendant Paul Fournet is subject to personal jurisdiction in West Virginia. Accordingly, Paul Fournet's motion to dismiss the third-party complaint is GRANTED.

The Clerk is directed to send copies of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 9th day of May, 2005.

ENTER:

David A. Faber
Chief Judge