```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**BRANCH BANK AND TRUST,** *et al.*,

    **Plaintiffs,**

**v.**                                        **CIVIL ACTION NO. 2:04-0981**

**ENGINE COMPONENTS, INC,** *et al.*,

    **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

    Before this court is Plaintiffs' Objection to Magistrate Order Entered February 23, 2005 (Doc. No. 66).  Plaintiffs object to the magistrate judge's Order denying plaintiffs' motion to amend the Scheduling Order (Doc. No. 56).  Plaintiffs bring the objection pursuant to Federal Rule of Civil Procedure 72(a).  For the reasons discussed below, plaintiffs' objection is OVERRULED.

    Rule 72(a) allows a party to object to an order of a magistrate judge within 10 days of service of that order.  <u>See</u> Fed. R. Civ. Pro. 72(a).  Because this is a non-dispositive order, the standard of review is "clearly erroneous or contrary to law."  <u>Id.</u>  A decision is clearly erroneous if after review, a court is "left with the definite and firm conviction that a mistake has been made."  <u>See</u> <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573 (1985).

    Plaintiffs object to the magistrate judge's finding that there was not good cause to amend the Scheduling Order.  <u>See</u>  Doc. No 66, at 1.  The "good cause" standard is more rigorous than a "no prejudice" standard.  <u>See</u> <u>Essential Housing Management, Inc. v. Walker</u>, 166 F.3d 332, 1998 WL 559349, *4 (4th Cir. 1998).  Plaintiffs contend that good cause has been shown by the affidavit and motion to amend asserting that the defendant ECI "deliberately and intentionally misrepresented" that it could not be ready for trial in 2005 and then proceeded to schedule a trial date in Louisiana in 2005.  <u>See</u> Doc. No. 66, at 1-2.

Defendant ECI opposed plaintiffs' motion to amend and filed a supporting affidavit (Doc. No. 61).  The magistrate judge stated that she considered the statements of counsel at the scheduling conference and in the affidavits and the complexity of the case and concluded that there was not good cause to amend the Scheduling Order.  See Doc. No. 62, at 1.  This court cannot conclude that this finding is clearly erroneous under Rule 72(a), especially considering the competing affidavits.  Accordingly, plaintiffs' objection is OVERRULED.  This court hereby ADOPTS Magistrate Judge Stanley's Order (Doc. No 62) denying plaintiffs' motion to amend the Scheduling Order (Doc. No 56).

The Clerk is directed to mail a copy of this order to all counsel of record.

It is SO ORDERED this 23 day of May, 2005.

ENTER:

David A. Faber
Chief Judge